## John Symonds, et al., v. Julia Caldwell, Admx.

### Gen. No. 10,949.

1. INTERESTED WITNESS—*when, incompetent.* A party to a cause is not competent as a witness therein where the adverse party sues or defends in a representative capacity, and even where in the trial of such cause some other person testifies on behalf of such adverse party, such interested witness can only testify with respect to the same conversation or transaction testified to by such person.

Distress for rent. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed March 1, 1904.

**Statement by the Court.** Appellant leased from appellee's intestate, Mary J. Caldwell, certain farm premises in Cook County, Illinois, for a term of one year, beginning March 1, 1899, at a total rent of $584.50, payable as follows: $100, June 1, 1899; $100, September 1, 1899; $100, December 1, 1899, and $284.50, March 1, 1900.

On October 21, 1899, a distress warrant was caused to be issued by appellee's intestate and levied on certain crops grown on the farm. A few days later the warrant was duly filed in court. At the time of its issue all the rent had been paid except the last installment, $284.50, payable March 1, 1900. The reason assigned in the distress warrant for the issuing thereof is " a part of the crops having been removed from the premises, thereby endangering any security under the lien allowed me by the statutes of Illinois."

After the institution of the suit, but before trial, the plaintiff died, and appellee, the administratrix of her estate, took her place by order of court.

This appeal is from a judgment upon a verdict for $284.50.

L. D. CONDEE, for appellants.

JAMES FRAKE, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

The sole point in controversy is, whether the rent for which the warrant issued not being due at the time of the issue and levy, a right existed to issue the same under section 34, chapter 80, Rev. Stat. 1901, which provides that "if any tenant shall, without the consent of his landlord, sell and remove or permit to be removed, or be about to sell and remove or permit to be removed from the demised premises, such part or portion of the crops, raised thereon as shall endanger the lien of the landlord upon such crops for the rent agreed to be paid, it shall and may be lawful for the landlord to institute proceedings by distress before the rent is due," etc.

The contention of appellants is that more than sufficient crops remained on the farm at the time the warrant issued to secure the rent remaining unpaid, and that the lien of the landlord had not been and was not endangered. Upon this question of fact the parties introduced much conflicting testimony which we deem it needless to set forth. We have carefully considered it and cannot say that the verdict is against the evidence or the weight of it.

For appellee one Joseph Caldwell, a son of the intestate, testified that he had collected the rents for her and had had a conversation with Mr. Symonds, one of appellants, in regard to their removal of the crops and ability to pay the rent. The witness also testified as to the value of the crops remaining on the farm. Afterwards Mr. Symonds was called as a witness by appellants and asked to state the value of the said crops. The testimony was objected to on the ground that he was one of the defendants and plaintiff's intestate was dead. The objection was properly sustained. Under the second exception to section 2 of chapter 51 of the Revised Statutes it was competent for Symonds to testify " concerning the same conversation or transaction " between Caldwell and appellants that Caldwell had testified about, but Symonds was not asked to testify to any such conversation or transaction.

The judgment is affirmed.

*Affirmed.*